JAMES R. JOHNSTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnston v. Commissioner
Docket No. 428-76.
United States Tax Court
T.C. Memo 1978-121; 1978 Tax Ct. Memo LEXIS 399; 37 T.C.M. (CCH) 544; T.C.M. (RIA) 780121; March 27, 1978, Filed Pipp M. Boyls, for the petitioner. Fredrick B. Strothman, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency in petitioner's income tax for 1973 of $485.00, plus an addition to tax under section 6653(a) [1] of $24.25. *400 The issues for decision are whether petitioner may deduct under section 162 or 212, an expenditure of $1,750 incurred in purchasing a trust instrument and whether any part of the underpayment (if such underpayment exists) of tax for 1973 was due to "negligence or intentional disregard of rules and regulations" within the meaning of section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are so found. At the time of filing the petition herein, petitioner, James R. Johnston, resided in Denver, Colo. He and his wife, Ara E. Johnston, filed a joint Federal income tax return for 1973. During all relevant times herein, petitioner was an educator. In 1969 he founded the College for Financial Planning (College), located in Colorado. In addition to organizing the College, petitioner was also active in the preparation of courses offered at the school. The curricula included courses in fundamental financial planning, risk management, insurance, and investments. In 1973 petitioner purchased a packet of materials from Educational Scientific Publishers, Inc. for $1,750. The material contained information about the establishment of a particular kind of trust. *401 The purchase price also entitled petitioner to attend certain seminars which provided information on the use of the trust. Further, the price included legal representation in the event the Internal Revenue Service challenged the viability of the trust for tax purposes. In 1974 petitioner formally created a trust pursuant to the materials he purchased. The trust was funded with three parcels of real estate and a small amount of silver and gold. On his return for 1973 petitioner deducted the $1,750 expenditure as "Materials for Conservation & Maintenance of Income Producing Assets." Respondent disallowed the deduction on the grounds that it was personal in nature. Petitioner was represented by counsel and testified at trial but offered no documentary evidence to corroborate his testimony. OPINION The first issue for decision is whether petitioner may deduct under either section 162 or 212, the $1,750 amount he expended for the purchase of a certain trust instrument. Section 162 generally allows as a deduction all of the "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Similarly, section 212(2) allows a *402 deduction for certain nonbusiness expenditures incurred "for the management, conservation, or maintenance of property held for the production of income." Presumably, [2] it is petitioner's contention that the amount in question is deductible under section 162 because the materials he received and the seminars he allegedly attended served to enhance his ability as an educator. In the alternative, petitioner argues that the expenditure is deductible under section 212(2) because the trust was created to conserve or maintain investment property. Briefly stated, respondent's position is that the $1,750 is a nondeductible personal expenditure. The question of whether petitioner is entitled *403 to a deduction in this case is a factual one, with respect to which the burden of proof is on petitioner. . Petitioner has failed to meet that burden. At the trial of this case petitioner appeared and offered testimony on his own behalf. After carefully examining the entire record in this case, and petitioner's evasive testimony in particular, we are unable to find any credible or coherent [3] evidence to establish that petitioner acquired the materials for any reason sufficient to sustain a deduction under section 162 or 212. To the contrary, we believe the evidence indicates that petitioner's purchase of the trust materials was motivated solely by personal reasons. Accordingly, we hold that the $1,750 is not deductible by petitioner. [4] See , revd. on other grounds , cert. denied . *404 The second issue for decision is whether petitioner is liable for an addition to tax under section 6653(a) for 1973. This section provides that "if any part of any underpayment * * * is due to negligence or intentional disregard of rules and regulations * * *, there shall be added to the tax an amount equal to 5 percent of the underpayment." Petitioner has conceded this issue by his failure to dispute the imposition of the penalty in his petition or on brief. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the year in issue.↩
2. At the close of the trial in this case, the Court requested that the parties file original simultaneous briefs by June 6, 1977, and reply briefs thereafter on July 21, 1977. Failing to receive an original brief from petitioner on the designated date, the Court notified petitioner's counsel of such fact and requested that a brief be filed. As of July 8, 1977, the Court still had not received a brief from petitioner's counsel, and at that time issued an order closing the record in this case.↩
3. When asked at trial what his most important reason was for purchasing the trust materials, petitioner responded: First of all, when I got the college started, when I got the financial planning thing going, I had some of my money and some of my time in there. I was kind of liable in a way. It was an educational not for profit and that's the way it started and that's the way it is right now. I was the one kind of keeping it all together. I was concerned about the little bit of money and investments that I did have personally. When I say personally, I mean family. I had thought about setting up some kind--some kind of trust through the bank to separate those assets and I couldn't afford to do that. ↩
4. In any event, the expenditure in question would appear to be a nondeductible capital expenditure under sec. 263. For example, a portion of the amount expended was to provide for contingent legal services. See .↩